# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **EUGENE JUNIOR KIMBLE,** | ) | |
| Petitioner, | ) ) | Case No. 7:17CV00057 |
| v. | ) ) ) | **OPINION** |
| **THOMAS J. WILSON, IV,** | ) ) ) ) | By: James P. Jones<br>United States District Judge |
| Respondent. | ) | |

*Eugene Junior Kimble, Pro Se Petitioner.*

Petitioner Eugene Junior Kimble, a Virginia inmate proceeding pro se, has filed a civil action,[1] challenging the validity of his confinement under a probation revocation order. After review of the record, I construe Kimble's pleading as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. I find that it must be summarily dismissed without prejudice for failure to exhaust available state court remedies.

Kimble's petition and state court records online indicate that by order dated August 22, 2016, Judge Thomas J. Wilson, IV, of the Circuit Court for

---

[1] Kimble submitted his pleading on a form designed to assist inmates in filing civil rights actions under 42 U.S.C. § 1983. Because the relief Kimble seeks is not available under § 1983, however, Kimble's pleading is appropriately considered instead as a habeas corpus petition under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that inmate's challenge to fact or duration of detention must be presented in habeas corpus proceeding, not § 1983 action).

Rockingham County, revoked Kimble's probation and imposed previously suspended prison sentences to be followed by another term of probation. The petition filed in this court names Judge Wilson as the respondent and contends that during the revocation proceeding, Kimble did not receive appropriate representation, the judge did not consider sentencing guidelines or allow adequate time for negotiations, and Kimble did not receive proper representation for his appeal and had to withdraw it. As relief, Kimble seeks to have "[his] sentence properly modified and Mr. Wilson be held accountable for abuse of authority." Pet. 2, ECF No. 1.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner has not presented his habeas claims to the state courts and could still do so, a federal court should dismiss his petition without prejudice. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Kimble indicates on the face of his petition that the only court action he has filed involving his August 2016 probation revocation complaints is a Petition for a Writ of Mandamus, filed in the Supreme Court of Virginia against Judge Wilson.

Online court records indicate that the Supreme Court refused Kimble's mandamus petition by order dated March 8, 2016, and that he has filed no state court action seeking habeas corpus relief regarding his revocation proceedings. As such, Kimble has not yet exhausted available state court remedies as required under § 2254(b). Namely, he may file a habeas corpus petition in the Supreme Court of Virginia, or in the circuit court where he was convicted, with a subsequent appeal to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). Therefore, I must dismiss his § 2254 petition without prejudice for failure to exhaust state court remedies.[2]

    A separate Final Order will be entered herewith.

DATED: April 13, 2017

/s/ James P. Jones
United States District Judge

---

[2] Under Rule 4(b) of the Rules Governing § 2254 Cases, I may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."